### IMPROPER REMARKS TO A JURY.

Common Pleas Court of Hamilton County.

AMERICAN BONDING COMPANY OF BALTIMORE v. THOMAS P.
CONROY ET AL.

Decided, December, 1910.

*Misconduct—Of Counsel in His Argument to the Jury—Not Ground for Setting the Verdict Aside, Unless—When it Must be Assumed that Prejudice Resulted.*

1. Misconduct of counsel, or error of omission or commission on the part of the court, is not ground for disturbing the verdict of a jury, unless as a result there has been manifest prejudice and failure to ascertain the truth.

2. But where counsel in his argument to the jury arraigns a corporation against a blind boy without means and not a party to the action, the court must presume that prejudice resulted and the jury were thereby prevented from properly weighing the evidence in the case, notwithstanding no objection was made to the remark at the time by opposing counsel.

*D. C. Outcalt*, for plaintiff.
*J. W. Conroy*, contra.

DICKSON, J.

Opinion on motion for a new trial.

Conroy assigned for his creditors all his property. His real estate was sold to pay his debts. His wife elected to be endowed out of the proceeds of this sale. A creditor claimed a vendor's lien against these dower proceeds. While this claim was in litigation, Conroy's assignee paid to Conroy, the husband, the wife's dower. This litigation ended adversely to the wife. The assignee was insolvent. He was unable to pay. By process of law the plaintiff, the surety for the assignee, plaintiff herein, the bonding company, was compelled to pay this vendor creditor. This bonding company brought this suit to compel Conroy and his wife, now defending by guardian, she being insane, to reimburse it. During the trial in this court Conroy agreed that a verdict be rendered against him for the full amount. This was done, and the action proceeded against the wife's estate. Conroy is insolvent. The issue before the jury was, did Conroy act in the receipt of this money as agent for his wife? Her estate is solvent. Verdict was rendered against the plaintiff in favor of the wife's estate. Now motion is made to set aside this verdict, because, among other grounds, the verdict is against the weight of the evidence, and misconduct of the attorney for the prevailing party because this attorney claimed to the jury that a verdict other than in favor of his client would take the money from this blind son, who was at that time in the presence of the jury. The attorney said this when he knew there was no evidence before the jury as to that fact.

Whether Conroy was agent depended solely on the credibility of the evidence. The evidence was conflicting. The main wit-

ness for the wife's estate admitted that he on several occasions had sworn falsely as to his wife's property in certain legal proceedings in two different courts, and had showed an evident readiness to deliberately and intentionally swear falsely when it was to his family's interest to do so. The jury to have found as it did must have believed him. There was positive evidence against the plaintiff that Conroy did act for his wife—did obtain from the assignee the money for her and not for himself.

Counsel for the wife's estate in argument did say to the jury that not to return a verdict for his client would be taking the money from a blind son, etc. There was no evidence either tending to support that statement or any ligitimate inference therefrom. This conduct was manifestly wrong and, though with no sinister purpose, unfortunate. Counsel for plaintiff did not object. Neither did the court. Both or either could have objected.

It can not be made an absolute rule of law that in such a matter either failure to object or failure on the court's part to charge on request, or of its own motion, cures the evil, as such action by counsel or court might intensify the prejudicial statement by calling attention to it. Indeed, a charge by the court in such an event could not prove a sufficient antidote to the poison. But such misconduct of counsel, or any misconduct of counsel, or error of omission or commission by the court, should not disturb a verdict of the jury, unless there has been manifest prejudice and a failure to ascertain the truth.

The court is of the opinion that arraigning a corporation against a blind boy without means and not a party, wrongfully prejudiced and biased the jurors to such an extent that they could not immediately after hearing the arraignment, properly weigh the evidence in this case—did not properly consider the interest and bias of the wife's main witness and his utter want of veracity.

The court is of the opinion that the verdict must be set aside and a new trial granted, and directs a speedy rehearing.